UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JIM R. HARRIS, JR. | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:25-CV-431-HTW-ASH |
| SEVEN CORNERS, INC., ET AL. | DEFENDANTS |

AMENDED REPORT AND RECOMMENDATION

This amended report and recommendation is issued for the sole purpose of clarifying the balance of the filing fee owed by pro se Plaintiff Jim R. Harris. It does not change the analysis nor the recommendations of the undersigned's Report and Recommendation [83] entered on July 31, 2026.

This case is before the undersigned on remand from the District Judge for further consideration of pro se Plaintiff Jim R. Harris, Jr.'s in forma pauperis status (IFP). Order [70] at 1–2. The undersigned entered an Order that invited the parties to provide additional information explaining whether Harris met the imminent danger of serious physical injury under 28 U.S.C. § 1915(g) at the time he filed his Complaint [1] on June 13, 2025. Order [71] at 1–2. This Order placed Harris and Defendants on notice that the Court was considering whether the imminent danger exception was satisfied and provided an opportunity to respond. *Id.* Harris filed responses [72] [75] and additional documents [74], Defendant Seven Corners, Inc. filed a response [76], Defendants Dr. Barham and Warden Keyes also filed a response [77], and Dr. Studt Tyler filed a joinder [79] in Defendants' Seven Corners and Keyes responses [76] [77]. Having considered this matter and reviewed all of the parties' filings, the undersigned recommends that the Court (1) find that Harris does not (and did not at the time of filing this action) meet the three-strikes exception; (2) revoke Harris's IFP status; (3) dismiss this case without prejudice; and (4) direct

the Clerk of Court to re-open this civil action if Harris pays the full filing and administrative fee of $405.00 (less any partial payments collected from Harris) within 30 days from the date of dismissal of this case.

I. Standard of Review

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding IFP in this Court. The PLRA provides that a prisoner's privilege to proceed IFP should be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) is commonly referred to "as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

In order to meet the three-strikes exception under 28 U.S.C. § 1915(g), a prisoner plaintiff must be in "imminent danger of serious physical injury." "[T]he determination as to whether a prisoner is in 'imminent danger' must be made as of the time that [Plaintiff] seeks to file IFP his complaint or notice of appeal." *Prescott v. UTMD Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023) (quoting *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998)). And there must be a connection between the danger alleged and the claims asserted. *Gambino v. Doe*, No. 3:19-CV-413, 2019 WL 1261597, at *2 (N.D. Tex. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1255085 (N.D. Tex. Mar. 19, 2019).

The prisoner bears the burden to establish the existence of an "imminent danger of serious physical injury" at the time of filing the complaint. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (citing *Baños v. O'Guin,* 144 F.3d 883, 884–85 (5th Cir. 1998)). The imminent-danger exception requires a "'genuine emergenc[y],' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)

(quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3rd Cir. 2001) ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). The prisoner must "allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008). "[C]onclusional allegations are insufficient to show [that a plaintiff is] under imminent danger of serious physical injury at the time he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice Corr. Institutions Div.*, 258 F. App'x 632, 632 (5th 2007) (citing *Baños*, 144 F.3d at 885); *accord Valdez*, 2008 WL 4710808, at *1 ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." (quoting *Niebla v. Walton Corr. Inst*., No. 3:06-CV-275, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006))).

"The goals of 28 U.S.C. § 1915 were modified by the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees: 'Because *in forma pauperis* status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered.'" *Edwards v. Barbier*, No. 24-619, 2024 WL 1556775, at *1 (E.D. La. Apr. 10, 2024) (quoting *Murphy v. Jones*, 801 F. Supp. 283, 288 (E.D. Mo. 1992)). In other words, the "reevaluation of plaintiff's pauper status is appropriate where information comes to light showing that he is no longer eligible to proceed in forma pauperis" *Geiger v. Prior*, No. 2:02-CV-0200, 2005 WL 50462, at *1 (N.D. Tex. Jan. 10, 2005); *see also Davis v. M.T.C.,* No. 3:23-CV-555-CWR-ASH, 2024 WL 5340891 (S.D. Miss. Dec. 10, 2024) (recommending revocation of plaintiff's IFP status), *report and recommendation adopted*, 2025 WL 240939 (S.D. Miss. Jan. 17, 2025); *Davis v. Cain*, No. 5:21-CV-43-DCB-BWR, 2023 WL 2398728 (S.D. Miss. Feb. 1,

2023) (recommending revocation of plaintiff's IFP status), *report and recommendation adopted*, 2023 WL 2392046 (S.D. Miss. Mar. 7, 2023); *Walker v. Perry*, No. 1:20-CV-302-HSO-RHWR, 2022 WL 16796830, at *4 (S.D. Miss. July 8, 2022), (recommending that plaintiff's IFP status "be revoked for failure to satisfy the imminent danger exception to the three-strikes bar"), *report and recommendation adopted*, 2022 WL 8176157 (S.D. Miss. Oct. 14, 2022).

## II. Analysis

### A. Preliminary Matters

Harris has lodged various complaints about not receiving copies of filings by other parties or the Court. This has not, however, stopped Harris from responding, which suggests that his claims may be exaggerated. Nor has he asserted a basis for claiming that the Court or Defendants are failing to send him copies of orders and filings respectively. His complaint appears to be with the mail or how it is processed at his facility.[1] To the extent that Harris wants to receive additional copies of filings, he can; but he's not entitled to free copies. *See Bond v. Collier*, No. 7:21-cv-67-M-BP, 2022 WL 22337631, at *2 (N.D. Tex. Jan. 13, 2022) (noting that IFP status alone generally does not entitle a pro se inmate to free copies of court documents) (citing *Harless v. United States*, 329 F.2d 397, 398–99 (5th Cir. 1964)). In light of these assertions, the Court directed Harris to explain if there remain any documents he has not received. Order [70]. Harris has misinterpreted this Order as an invitation to conduct premature discovery. Rather than identify any filings he has yet to receive, he has made what are essentially Rule 34 document requests for copies of his medical records. At this preliminary screening stage of the case, the Court has not yet opened discovery and Harris is not entitled to engage in it at

[1] In keeping with standard practice, the undersigned has mailed a copy of his orders entered in this case to Harris.

this time. Further, nothing in Order [70] authorized him to do so. Nor is Harris entitled to discovery to search for a cure to his defective imminent-danger allegations. The imminent danger exception does not require that he prove his case in his pleading; rather it requires that he allege non-speculative, concrete facts of an actual emergency. *See Burpee v. East Tex. Treatment Fac.*, No. 6:25-CV-31, 2025 WL 838562, at *1 (E.D. Tex. Feb. 3, 2025) (explaining the prisoner must show at the time he filed his complaint "through facts rather than conclusory allegations" that he meets the imminent danger exception (citing *Newman*, 770 F. App'x at 217)), *report and recommendation adopted*, 2025 WL 838462 (E.D. Tex. Mar. 17, 2025). He may not resort to discovery to hunt for facts so unknown to him that he cannot allege them with specificity for purposes of proceeding under § 1915(g)'s exception.[2]

B. Revocation of Harris's IFP Status

Harris admitted that he had accumulated three-strikes. Compl. [1] at 5. He then clarified that information in his Response [9]. So, it is undisputed that he may not proceed IFP unless he satisfies § 1915(g)'s imminent-danger exception.

In his Complaint [1], Harris alleges that he has been denied medical care that allegedly could result in the loss of his right testicle. Two months later, Harris filed with the Court a photo that purportedly shows his swollen scrotum. Sealed Document [11]. The scrotum appears swollen to roughly the size of an apple, *see id.*, not "twice the size of a softball" as claimed by Harris, Mot. [7] at 1. Nonetheless, the undersigned was persuaded, at least initially, by the photo

---

[2] Harris raises several other points of procedural dissatisfaction in his numerous filings. None of those are material to the consideration of the imminent-danger exception. For example, Harris complains that Defendant Chambers was dropped from the lawsuit. But Harris has not yet been granted leave to add Chambers as a defendant (nor does it appear Harris has ever requested leave in a motion to the Court). He also complains that the Court has not yet issued process for Dr. Rooks following Harris's submission of his address. There is no need, however, to serve Dr. Rooks until the Court has resolved Harris's eligibility to proceed IFP.

and the claims that he was not receiving treatment. Accordingly, the undersigned granted Harris's IFP Motion [2]. Order [14] at 1–4.

As recounted above, District Judge remanded this matter to the undersigned for further consideration of whether the imminent-danger exception applies. Order [70]. In his responses to the undersigned's request that the parties submit additional briefing, Order [71], Harris states that he has seen Dr. Rooks, received "ultra sounds and CT scans that eventually led to surgery for the right scrotum to remove the hydrocele," a wheelchair when he had trouble walking, and was taken to Baptist Hospital in Yazoo City and Jackson, Mississippi for medical treatment. Pl.'s Resp. [72] at 1; Attach. [72-1] at 4–12; Documents [74] at 1–4; Resp. [75] at 2. But his claim that he is not being seen or treated for his medical problems—part of the undersigned's reason for at least initially granting his IFP motion—is contradicted by the information Harris provides in his own Responses [72] [75] and additional documents [9] [30] [74] filed with the Court.

In Defendants Dr. Barham and Warden Keys's responses, they state that Harris "has continued to receive medical treatment for his alleged issues." Defs.' Resp. [77] at 2. They also point out that the Medical Records attached show that "there has been some disagreement over the last several months between Plaintiff's doctors as to whether his current symptoms are being caused by a hernia (as Plaintiff alleges here) or are instead related to a large right hydrocele or subsequent hydrocele repair surgery." *Id.*; Attach. [77-1] at 1–5. Finally, Defendants assert that regardless of the "cause of his problems, neither of the doctors identified in these records has said Plaintiff is under severe threat of imminent serious physical injury while his case is pending." Defs.' Resp. [77] at 2. In other words, no medical evidence—and Harris and Defendants have submitted several medical records—corroborates Harris's unfounded claims of imminent danger.

Defendant Seven Corners also filed a response. It is, Seven Corners argues that Harris's claim of imminent danger is based on his "belief" in a serious physical injury supported by his allegations in his pleadings. Def.'s Resp. [76] at 4. Defendant Seven Corners also points out that Harris "simply uses the 'imminent danger' language to craft his pleadings in a way to maintain his IFP status and cannot prove through evidence that he is in imminent danger, his IFP status must be revoked." *Id*. at 5.

"[A]llegations based on speculation about a future potential injury" are not enough to trigger the exception to the three-strikes bar. *Hall v. Ughwanogho*, No. H-24-4556, 2024 WL 4894003, at *1 (S.D. Tex. Nov. 26, 2024) (citing *Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015)); *see also Jackson v. United States*, Civ. No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (finding plaintiff's allegedly inadequate medical care for his diabetes and hypertension, including a supposed failure to properly treat a prior heart attack, was insufficient to overcome the three-strikes bar because the fear of future heart or diabetes complications was speculative). Harris's claim that he *could* lose his right testicle is just that — "speculation about a future potential injury." *Hall*, 2024 WL 4894003, at *1.

Harris's dissatisfaction with his admittedly ongoing care and a photo of a swollen scrotum does not demonstrate an actual emergency. And more importantly, it does not demonstrate he is real and proximate threat of losing his testicle or that the threat, even if it existed, is a danger that is *imminent*. His reliance on *Reed v. Wexford Health Sources, Inc.*, does not change this. No. 18-CV-1182, 2024 WL 1406149 (S.D. Ill. Apr. 2, 2024). *Reed* was not an imminent-danger case. *Id*. at *1. But it matters not that the prisoner in that case lost a testicle from post-operative complications following delayed hernia surgery. *Id*. at *5. Reed merely demonstrates one possible outcome for that particular prisoner. *Id*. at *1. Harris cannot bootstrap

his speculative fear that his hernia—something his doctors are debating he even *has*, as opposed to a hydrocele—will cause him to lose his testicle merely because the prisoner in *Reed* eventually suffered that outcome.[3] That would be like concluding every skin infection meets the § 1915(g) exception merely because some skin infections, if left untreated, might fester, lead to gangrene, and require amputation. More is required to meet the imminent-danger exception. Harris must do more than point merely to his fear of an eventual bad outcome. His claim about "the possibility of serious injury [or loss of his testicle] at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger." *Ricks v. Louisiana Dep't Health and Hospitals*, No. CV 25-719-JWD-SDJ, 2026 WL 963726, at *1 (M.D. La. Apr. 9, 2026) (citing *Heimerman*, 337 F.3d at 782).

Additionally, "[o]ne general principle that guides us is that 'complaints about the quality of [a prisoner's] medical care are insufficient' to meet the imminent danger exception." *Estes v. Eastridge*, No. 20-10964, 2023 WL 2525054, at *2 (5th Cir. 2023). Harris's disagreement with one medical treatment plan over another recommended by a specialist or other doctor does not show that he meets the exception to the three-strikes bar. *See id*. (denying IFP on appeal because plaintiff's "subjective complaints that his prison implemented a more conservative treatment plan than that recommended by his medical specialist" did not meet the exception to the three-strikes bar). Moreover, the three-strikes exception is not met when the plaintiff admits to receiving medical treatment. *Johnson v. Inge*, No. 3:22-CV-170-KHJ-MTP, 2023 WL 4697112,

[3] *Reed* is further distinguished by the fact that there was apparently no dispute the prisoner *had* a hernia, as opposed to some other condition like a hydrocele. *Reed*, 2024 WL 1406149, at *5. And the jury found the private medical provider, Wexford, had a policy waiting to treat a hernia with surgery until it becomes an emergency. *Id*. at *4. That is not the case here. Harris has *had* prior hernia surgery, Compl. [1] at 5, and complains about ongoing complications *that are currently being treated.*

at *3 (S.D. Miss. June 30, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 4687208 (S.D. Miss. July 21, 2023); *Johnson v. Abangan*, No. 3:17-CV-102-DPJ-FKB, 2018 WL 1352275, at 1–2 (S.D. Miss. Mar. 15, 2018) (citations omitted). Indeed, even an allegation that a plaintiff is under threat of serious physical injury because he was *denied* a hernia operation—a much more serious claim that Harris makes here about his ongoing complications—does not meet the three-strikes exception. *Sims v. Kent*, 263 F.3d 164 (5th Cir. 2001). Nor does surgery on the wrong hand meet the imminent danger exception "where the surgery was rescheduled for the correct hand, and plaintiff was undergoing physical therapy." *Johnson*, 2023 WL 4697112, at *3 (citing *Evans v. Woodall*, 2:13-CV-17, 2013 WL 2468861, at *2 (S.D. Miss. June 7, 2013)).

Harris admits that he was examined by medical personnel on May 13, 2025, *see* Compl. [1] at 32, and according to his Responses [72] [75] and additional documents [9], [30], [74], he has continued to receive medical care and numerous examinations by medical personnel for his ongoing medical issues. According to Harris, he interacted with medical personnel on the following dates:  May 13, 2025 (medical visit), May 15, 2025 (medical visit), May 18, 2025 (medical visit), May 19, 2025 (medical visit), May 25, 2025 (medical visit), May 31, 2025 (medical visit), June 2, 2025 (medical visit), June 5, 2025 (medical visit), July 3, 2025 (medical visit), July 16, 2025 (medical visit), July 29, 2025 (medical visit), August 8, 2025 (medical visit), September 3, 2025 (antibiotics ordered); September 29, 2025 (received medication), October 17, 2025 (medical visit), October 20, 2025 (ultra sound), December 29, 2025 (medical visit), January 2, 2026 (medical visit), February 2, 2026 (medical visit), February 19, 2026 (CT scan), February 25, 2026 (medical visit), April 14, 2026 (medical visit), April 20, 2026 (medical visit). *See* Compl. [1] at 32–40; Resp. [9] at 4–7; Attach. [30] at 1, 3, 5–6; Attach. [72-1] at 4–7; Attach.

[74-1] at 4; *see also* Compl. [1] at 24–31 (discussing additional medical visits predating May 13, 2025). Harris's disagreement with the diagnosis or treatment of his medical conditions and his belief—a belief that is speculative and based in fear not fact—that he may lose his right testicle fail to show "the type of emergency" that meets the three-strikes exception. As a prisoner with three strikes, Harris must allege more than merely the fact that he has a medical problem (one that is being treated) and that he fears the eventual potential worst outcome *could* be the loss of a testicle. He must allege facts showing an actual emergency, not just his speculation that an adverse medical event *may* happen at some indeterminate later date. Because Harris does not demonstrate that he was in imminent danger of serious physical injury at the time he filed his Complaint, the undersigned recommends that his IFP status be revoked.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that (1) Harris does not meet the imminent-danger exception of 28 U.S.C. § 1915(g) and his IFP status should be revoked; (2) a judgment dismissing this case without prejudice should be entered, and (3) the Clerk of Court be directed to re-open this civil action if, according to the docket entries, the balance of the filing fee of $54.80 is paid within 30 days from the date of dismissal of this case.

IV. Notice of Right to Object

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[4] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this 12th day of August, 2026.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE